IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
Holly Buyser                      )
640 W. Boot Road                  )
West Chester, PA 19380            )
                                  ) Jury Trial Demanded
                                  ) Docket
                                  )
     VS.                          )
                                  )
                                  )
The Brachfeld Law Group, PC       )
800 W. Sam Houston Parkway S.     )
Suite 200                         )
Houston, TX 77042                 )
```

**COMPLAINT**

**The Plaintiff demands a trial by a jury of twelve and two alternates.**

### PRELIMINARY STATEMENT

1. This action is brought pursuant to the *Fair Debt Collection Practices Act of 1978*, 15 U.S.C. §1692 *et seq.*, ("FDCPA" or the "Act") by Holly Buyser, Plaintiff who seeks damages against the Defendant for Defendant's use of false and fraudulent representations in connection with Defendant's debt collection activities as well their other violations of the Fair Debt Collection Practices Act.

### PARTIES

2. Plaintiff Holly Buyser ("Plaintiff") resides at 640 W. Boot Road, West Chester, Pennsylvania 19380; and is a

citizen of the Commonwealth of Pennsylvania.

3. The Defendant is The Brachfeld Law Group, PC with mailing address of 800 W. Sam Houston Parkway S. Suite 200 Houston, TX 77042 On information and belief, the defendant is a Texas Professional Corporation.

4. The Defendant was and is retained by creditors (collectively "Creditors") to collect unpaid debts from consumer debtors such as the Plaintiff. Plaintiff believes and therefore avers that the Defendant is also a buyer of debt and collects that debt for its own account.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391b(1) and (2) because this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

## SUBSTANTIVE ALLEGATIONS

7. On or about October 13, 2011, an employee of the Defendant placed a telephone call to the Plaintiff at her place of employment and to the Plaintiff's husband in which was stated that:

    a. The Plaintiff owed a debt on a Chase credit card account (hereafter the Debt) and that the Defendant was collecting the Debt;

    b. That because the Plaintiff was able to pay her mortgages, she was able to pay the Debt;

    c. That they were going to continue to call the Plaintiff at work notwithstanding that they were advised that the Plaintiff's employer does not allow its employees to receive such calls and,

    d. Notwithstanding that the Defendant had actual knowledge that the Plaintiff was represented by counsel with respect to the Debt they advised the Plaintiff's husband that they were going to continue to call the Plaintiff about the Debt.

8. On October 13, 2011, the Defendant also called the Plaintiff's mother with regard to the debt in question and claimed that they did not have either the Plaintiff's telephone number or address.

9. At the time the Defendant placed its debt collection calls to the Plaintiff it knew that the Plaintiff was represented by attorney with respect to the debt in question and it knew that attorney's name, address, telephone number and email address and by way of background:

3

   a. On July 15, 2011, the Defendant sent correspondence to the Plaintiff with respect to the Debt;

   b. Plaintiff's counsel responded to the Defendant's July 15, 2011, debt collection letter by calling the Debtor; he spoke with Defendant's employee compliance attorney, Kanika Denise Walker, Esquire. Following that conversation, he wrote to Ms. Walker with respect to the Debt;

   c. Ms. Walker responded to the aforesaid conversation and the issues raised in that conversation and those issues set forth in the Plaintiff's correspondence by email bearing the Defendant's logo and address and acknowledged the Plaintiff's counsel's letter.

10.   Some 90 days after receiving notification of that the Plaintiff was represented by counsel with respect to the Debt, the Defendant placed a debt collection telephone call to the Plaintiff.  At that time the Defendant had actual knowledge of:

   a. Plaintiff's counsel's representation of the Plaintiff with respect to the Debt;

   b. Plaintiff's counsel's mailing address;

   c. Plaintiff's counsel's telephone number; and

    d. Plaintiff's counsel's email address.

## COUNT I

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT OF 1978**

11. Plaintiff incorporate by reference paragraphs 1 through 10 as though fully set forth herein.

12. The claims for debts sent by the Defendant to the Plaintiff for collection comprise a "debt" within the meaning of 15 U.S.C. §1692a(5).

13. Defendant is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

14. The Defendant has violated 15 U.S.C. § 1692d because its activity as described herein is "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

15. Section 1692e of the FDCPA prohibits false and misleading representations or procedures in connection with debt collection. 15 U.S.C. § 1692e.

16. The FDCPA lists conduct that is in violation of § 1692d and 1692e, without limiting its general application. The prohibitions listed include the false representation of the character, amount or legal status of any debt, 15 U.S.C. § 1692e(2)(A), the use of false representations or deceptive means to collect

or attempt to collect a debt, 15 U.S.C. § 1692e(10), and "the failure to disclose clearly in all communications made to collect a debt ... that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose," 15 U.S.C. § 1692e(11).

17. The FDCPA also prohibits debt collectors from communicating with a consumer when it knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain.  See 15 U.S.C. § 1692c(2).

18. The Defendant has violated 15 U.S.C. 1692(c)(2) as well as § 1692e including but not limited so subsections (5), (7), (10), and (13) because their activity as described herein constitutes "false, deceptive, or misleading representation or means in connection with the collection of any debt."

19. Defendant is liable to the Plaintiff for damages under 15 U.S.C. §1692k, including also without limitation costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    (1) That Defendant's conduct and statements violated the <u>Fair Debt Collection Practices Act</u> of 1978;

(2) Awarding statutory damages as required by 15 U.S.C. §1692k (Fair Debt Collection Practices *Act of 1978*),

(3) Award damages to the Plaintiff equal to the amounts determined to have been unlawfully collected by Defendant ; and

(4) Enter judgment in favor of the Plaintiff and against Defendant for all amounts that they have unlawfully collected; and

(5) Award statutory attorney's fees, costs, expenses and grant such further relief as this Honorable Court deems proper, and

(6) Grant such further relief as this Court deems proper.

                    Respectfully submitted:

                        RNL3966

                    By_____
                    RICHARD N. LIPOW, ESQUIRE
                    625 Swedesford Road
                    Malvern Pennsylvania 19355
                    (610) 251-2500

                    Attorney for Plaintiff